# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2021

Lyle W. Cayce
Clerk

No. 21-40335
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Keith Todd Ashley,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:20-CR-318-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Keith Ashley appeals an order of detention pending his trial for wire fraud, mail fraud, and possessing a firearm in furtherance of a crime of violence. The district court found that Ashley had failed to rebut the presumption against release and that there is no condition or combination of condi-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

tions on which he could be released. Ashley contends that he is not a flight risk or danger to the community; he posits a list of conditions he avers would reasonably assure the public's safety upon his release. In addition, he asserts that the district court abused its discretion by not conducting a fresh detention hearing after he was charged with the firearm offense in a superseding indictment, which gave rise to a presumption against release. *See* 18 U.S.C. § 3142(e)(3)(B). In his reply to the government's response to his motion, Ashley maintains that he is entitled to pretrial release in light of new information regarding the government's agreement to let his state murder prosecution proceed first and in view of the likelihood of his being granted bail in state court.

The district court's finding on dangerousness is supported by the record evidence that Ashley murdered one of his financial clients to benefit from his life insurance policy; that he took out significant policies on himself, his wife, and his children; that he stole $225,000 from his mother-in-law; and that he wrote a lengthy suicide note on his cell phone. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). Ashley's argument on appeal regarding the risk that he would obstruct justice or tamper with witnesses is unresponsive to the district court's findings. In any event, Ashley fails to show that the district court abused its discretion in finding that he poses a danger to the community. *See id.* In addition, he shows no error in the district court's determination that no conditions of pretrial release would reasonably assure the public's safety. *See id.*; *see also* § 3142(e)–(g).

Moreover, the district court did not err by not conducting a *de novo* detention hearing before adopting the magistrate judge's detention order. *See United States v. Hensler*, No. 94-50042, 1994 WL 83436, at *2 (5th Cir. Feb. 24, 1994) (unpublished but precedential per 5TH CIR. R. 47.5.3). Lastly, insofar as Ashley seeks release on account of the government's prosecution agreement with Texas, we do not consider evidence or facts that were

not before the district court at the time of the challenged ruling. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

The order of detention pending trial is AFFIRMED.